(October 15, 1975)

■ In the Matter of ISABEL R. DODD, as Commissioner of Elections of the County of Nassau, Plaintiff, v MARVIN D. CRISTENFELD, as Commissioner of Elections of the County of Nassau, Defendant.—In this action for a declaratory judgment which the parties by stipulation have submitted to this court, on agreed facts, for hearing and determination pursuant to CPLR 3222, the question concerns the layout or placement which eight State-wide amendments and propositions and two county propositions should take on the ballots to be used in Nassau County on November 4, 1975. It is hereby determined, without costs, that on said ballots the two county propositions shall be separated by a space or spaces following the eight State-wide proposed amendments and propositions. Plaintiff, the Republican member of the Nassau County Board of Elections, contends that the seven amendments to the State Constitution and the one State-wide proposition relating to State bonds should be separated from the two proposed amendments to the County Charter by a blank space or spaces. Defendant, the Democratic member of the same board, contends there should only be a heavy line separating the State and county questions. We agree with plaintiff. For one thing, it appears that in prior elections, in 1965 and 1967, when there were multiple State and county questions, the ballots used in the local polling booths contained a space separating the former from the latter. It is perfectly natural to clearly differentiate those questions affecting different levels of government, and, given the space and time limitations inherent in a voting booth, we are not convinced the means suggested by defendant would accomplish that end. Similarly, we conclude that the spacing suggested by plaintiff would make the selection process clearer and easier for the voter—something which both sides in this action would no doubt applaud. Moreover, we find no requirement in section 102 of the Election Law offended by the use of a blank space. As long as each separate proposition is enclosed within heavy black lines there is literal compliance with that section. It does not require that the black line boxing one proposition must be the border of the next or any other proposition to be voted upon. In fact, subdivision 6 of section 102 permits blank spaces to compose a rectangular ballot. Cohalan, Acting P. J., Brennan and Munder, JJ., concur; Margett and Shapiro, JJ., dissent and vote that judgment be rendered declaring that the proposed constitutional amendments and the State and county propositions be set forth in one section on the ballot, adjacent to each other, boxed in by heavy black lines only and not separated from each other by blank spaces, with the following memorandum: The issue presented to this court is whether, on the ballot for the coming general election on which there are to appear proposed amendments to the State Constitution, State propositions and county propositions, the county propositions may be separated by blank spaces from the last of the State propositions, or whether all such questions must follow each other continuously without separation by blank spaces. The majority is holding that the

amendments to the State Constitution and the State-wide proposition should be separated from the two proposed amendments to the Nassau County Charter by a blank space or spaces. We disagree. The Election Law specifically provides that the form of each proposed constitutional amendment or other questions submitted shall be printed in heavy type in a separate section (Election Law, § 106). Further, each ballot must be printed in sections, with other requisite matter boxed in by heavy black lines (Election Law, § 102, subd 5). The only provision for a separate ballot in section 106 of the Election Law appears in the last paragraph thereof. The relevant portions thereof read as follows: "So far as possible the ballots upon town propositions shall conform to the directions herein contained respecting ballots on constitutional amendments and questions submitted. All ballots for submission of town propositions for raising or appropriating money for town purposes, or for incurring a town liability, to be voted at any town meeting in any town, shall be separate from all other ballots for the submission of other propositions or questions to the voters of such town to be voted at the same town meeting or election." If the Legislature had intended that any other type of local propositions or questions should be separated from the other amendments and propositions appearing on the ballot or voting machine it would have so specified. It did not. Furthermore the maxim *inclusio unius est exclusio alterius* is applicable. As a result, there is no statutory authority to set off one section from the other, separated by a blank space. Rather, the Election Law mandates that only one section be used for the separate propositions and amendments and that that section be separated from the remainder of the ballot by heavy black lines. Under the circumstances, the contention of the defendant commissioner of elections should be upheld.